IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER TYLER LOFTON, Individually and on behalf of the ESTATE of CHRISTOPHER M. LOFTON, deceased; and SANDY LYNN LOFTON as Next Friend for TEGAN LOFTON and LAUREN LOFTON, Minor Children, on their behalf and on behalf of the ESTATE of CHRISTOPHER M. LOFTON, deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL-PPC, INC., and JOHNSON & JOHNSON, <br><br> Defendants. | CIVIL ACTION NO. 3:05-CV-1531-L |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS OBJECTIONS TO
DEFENDANTS ITEMIZATION
OF TAXABLE COURT COSTS**

**I.
Summary**

The Court has ordered that the Defendants can recover "their allowable and reasonable costs." See Exhibit A to Declaration of Jackie Robinson. Plaintiff objects to much of the claimed costs for failure to separate the cost of the original and one copy of the depositions taken and noticed by the Defendants, and for incidental expenses related to the depositions themselves. It is the Defendants' burden to separate the costs which are necessary vs. those costs which are for the convenience, but not necessity, of the Defendants.

## II.
## Argument

The 5th Circuit has held that while a prevailing party may recover its costs, including original and copies of depositions, it is only recoverable so long as they "are necessarily obtained for use in the case. *Fogelman vs. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Whether a deposition or copy was obtained necessarily for use in the case is within the discretion of the District Court. *Id.* Expedited copies are not recoverable as court costs unless previously approved by the Court or unless there are some special circumstances that require it. *Id,* at 286. Charges incurred for the convenience of one counsel ought not to be taxed against another counsel. *Id.*

Defendants present the Court with invoices that include the original and one copy of depositions without any breakdown in the cost of the copy, which is clearly for the convenience, not necessity, of the Defendants because they would get the originals after signature. Any ASCII rough drafts, CD's with a copy of the deposition, and e-transcripts are additional copies of the original depositions that the Defendants took and are for the convenience of the Defendants. Appearance fees and additional fees due to the fact that it is a medical deposition are also for the convenience of the Defendant when such charges are not necessary because other reporters do not charge extra for such when the deposition goes ahead as planned.

## Conclusion

Plaintiff objects to costs claimed by the Defendants which have not been proven to be necessarily incurred for use in this case and which were incurred for the convenience of the parties.

Dated this 15th day of September 2010.

                                      Respectfully submitted,

**LAW OFFICES OF TED LYON & ASSOCIATES**
18601 LBJ Freeway, Suite 525
Mesquite, Texas 75150
Phone:  (972) 279-6571
Fax:     (972) 279-3021

By:        /s/
**BILL ZOOK**
State Bar No. 22285500

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on September 15, 2010, I filed the foregoing document with the Clerk of the court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of the document by electronic means: Jackie Robinson, Thompson & Knight, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, Texas 75201.

This is to certify that a true and correct copy of this document has been served via e-mail and US Mail to the following individual on this the date written above: Jackie Robinson, Thompson & Knight, One Arts Plaza, 1722 Routh Street, Suite 1500, Dallas, Texas 75201.

                                      /s/ Bill Zook
                                      **BILL ZOOK**