# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TYLER LOFTON, Individually and on behalf of the ESTATE of CHRISTOPHER M. LOFTON, et al., <br>     Plaintiffs, <br><br> v. <br><br> MCNEIL CONSUMER & SPECIALTY PHARMACEUTICALS, a Division of MCNEIL- PPC, INC., and JOHNSON & JOHNSON, <br>     Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 3:05-CV-1531-L |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order of reference dated October 1, 2010, before the Court is Defendant's Bill of Costs, filed September 7, 2010 (doc. 134). Based on the relevant filings and applicable law, the Court recommends an award of $19, 117.16 in costs.

## I. BACKGROUND

In July 2005, Plaintiffs, individually and on behalf of Christopher M. Lofton, filed a lawsuit against Defendants, asserting causes of action for defective design, marketing defect, breach of express warranty, breach of implied warranty, negligence, Deceptive Trade Practices Act violations, and wrongful death. In May 2008, Defendants moved for summary judgment on all of Plaintiffs' claims. The Court dismissed all claims except for defective design and breach of implied warranty. In July 2010, Defendants moved for summary judgment on the remaining claims. The following month, the Court entered a final judgment dismissing the case with prejudice, denying all relief, and ordering all allowable and reasonable costs to be taxed against Plaintiffs. On September 7, 2010, Defendants submitted a bill of costs under 28 U.S.C. §1920, seeking to recover $325.00 in filing fees

and $21,326.78 in deposition fees, for a total of $21,651.78. With timely-filed objections, the bill of costs in now ripe for consideration.

## II. ANALYSIS

A prevailing party in a civil action is entitled to recover its costs "unless the court otherwise directs." Fed.R.Civ.P. 54(d). Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. §1920. A district court may decline to award statutory costs but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

**A.    Filing Costs**

Defendants seek filing costs in the amount of $325.00, including $75.00 in *pro hac vice* filing fees, and the $250.00 removal fee. Plaintiffs object to the *pro hac vice* filing fees as unnecessary due to Defendants' retention of local counsel in this case.

Neither Rule 54 nor § 1920 specifically authorize *pro hac vice* fees as taxable costs. The Fifth Circuit has not addressed whether *pro hac vice* fees are taxable costs, and federal courts that have addressed the issue are not in agreement. Some courts have held that such fees are not recoverable as costs. *See e.g. Knauff v. Dorel Juvenile Grp., Inc.*, 2010 WL 2545424, at *2 (W.D.

Tex. June 21, 2010); *L &A Contracting Co. v. Byrd Bros., Inc.*, 2010 WL 1223321, at *4 (S.D. Miss. Mar. 24, 2010); *Beck v. Prupis*, 162 F.3d 1090, 1100 (11th Cir. 1998) (holding that district court did not abuse its discretion by denying taxation of pro hac vice fees). Others have allowed recovery of *pro hac vice* fees as "fees of the clerk." *See e.g. Craftsmen Louisiana, Inc. v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009); *Glastetter v. Sandoz Pharms. Corp.*, 2000 WL 34017154, at *1 n .2 (E.D. Mo. Oct. 3, 2000). This Court agrees with the courts that have found that such fees are an expense that an attorney pays for the privilege of practicing law in a district and should not be taxed to a plaintiff simply because a defendant chooses to be represented by counsel not admitted to practice in the district. *See e.g. Knauff*, 2010 WL 2545424 at *2; *Romero v. United States,* 865 F.Supp. 585, 594 (E.D. Mo. 1994). Accordingly, the $75.00 in costs for *pro hac vice* application fees should be deducted from the total costs requested.

**B.     Depositions Fees**

Defendants request deposition fees in the amount of $21,326.78 pursuant to 28 U.S.C. § 1920(2). Plaintiffs make several objections to the requested deposition fees.

**1.     Transcripts and Copies**

Plaintiffs object that Defendants have failed to show the necessity of requesting original depositions and copies. They point out six instances where Defendants specifically and separately request costs for original transcripts and copies.[1] They also object to $98.00 in costs for a certified copy of a transcript (doc. 134-5 at 5) and to $876.75 in costs for colored copies of deposition exhibits (doc. 134-5 at 8; doc. 134-6 at 7).

---

[1] Plaintiffs object to transcripts and copies of the Jenkins, Stone, Dreyer, Nelson, Salisbury, and Schlam depositions. In other instances they object to, the costs for original transcripts and copies are lumped with other costs. Those instances are addressed under a separate objection.

3

A prevailing party is entitled to recover the costs of taking, transcribing, and reproducing depositions that are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir.1993). The applicable standard to recover the cost of a deposition is whether the deposition was "reasonably necessary in the light of facts known to counsel at the time it was taken." *Copper Liquor, Inc. v. Adloph Coors Co.*, 684 F.2d 1087, 1099 (5th Cir. 1982). The ultimate use of a deposition in a dispositive motion or at trial is not a prerequisite for finding that it was necessary to take that deposition. *See id.*; *Allen v. United States Steel Corp.*, 6665 F.2d 689, 697 (5th Cir. 1982); *Hartnett v. Chase Bank of Tex. Nat'l Ass'n,* 1999 WL 977757, at *3 (N.D. Tex. Oct. 26, 1999). "The cost of a reasonable number of copies of deposition transcripts is recoverable if the trial judge in the exercise of his sound discretion determines that the copy was 'necessarily obtained for use in the case.'" *Copper Liquor, Inc.*, 684 F. 2d at 1099; *see also Gaddis v. United States*, 281 F.3d 444, 455-56 (5th Cir. 2004) (summarizing cases finding the costs of original deposition transcripts and copies taxable as a matter of statutory construction under §1920(2) & (4)). While a prevailing party need not identify every photocopy made for use in the course of legal proceedings, it must provide "some demonstration that the reproduction costs necessarily result from that litigation." *Fogleman*, 920 F.2d at 286. Copies obtained simply for the convenience of counsel are not taxable. *Id*.

Here, Defendants' itemized index sufficiently demonstrates that each listed deposition was taken in connection with this case. (doc. 134-1 at 2.) Six of the depositions were of physicians who treated the decedent, four were of party witnesses, and ten were of expert witnesses. (*Id.*) Additionally, a sworn declaration provided by Defendants states that the services for which fees have been requested "were actually and necessarily performed" by Defendants. (doc. 134-2 at 2.)

The Court finds that each original deposition transcript and a copy of each transcript was necessarily obtained for use in the case. However, Defendants have failed to provide any reason as to why they needed an additional certified copy of the transcript and colored copies of the depositions exhibits. Accordingly, the $98.00 requested for the certified copy and $876.75 for the colored copies should be deducted from the requested costs. *See Fast Memory Erase, LLC v. Spansion, Inc.*, 2010 WL 5093945, at *7 (N.D. Tex. Nov. 10, 2010) (objection to certified copies sustained where no reason given for why they were necessary).

### 2. **Electronic Documents**

Plaintiffs also object to any costs for ASCII rough drafts, CDs with a copy of the deposition, and e-transcripts requested by Defendants. Section 1920 does not list conversion of paper documents into electronic format as a taxable cost. *See* 28 U.S.C. §1920. The few cases from within this circuit that have addressed this issue have declined to award costs for electronic conversion of documents. *Conoco, Inc. v. Energy & Envtl. Intern.*, L.C., 2006 WL 734396, at *2 (S.D. Tex. Mar. 22, 2006); *Harris Corp. v. Sanyo N. Am. Corp.*, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002) (Kaplan, Mag. J.); *Roehrs v. Conesys, Inc.*, 2008 WL 755187, at *3 (N.D. Tex. Mar. 21, 2008) (Ramirez, Mag. J.). Here, since Defendants request specific and separate charges for rough ASCII drafts in the amount of $898.30[2] but fail to explain the necessity of those drafts, the amount should also be deducted from the total costs requested.

### 3. **Miscellaneous Charges**

Plaintiffs also object to the recovery of costs for shipping and handling, delivery charges,

---

[2] This amount includes $351.90 from the Nelson deposition, $289.90 from the Stern deposition, $10.00 from the Stone deposition, and $246.50 from the Temple deposition. (*See* doc. 134-5 at 8; doc. 134-6 at 4, 5, 7.)

appearance fees, administrative fees, parking fees, document repository fees, and a medical expert surcharge of $301.00. (doc. 136 at 2.) A review of the bill of costs and the evidence in support reveals that Defendants request only the medical expert surcharge of $301.00, and do not request any of the remaining charges. A medical expert surcharge is not listed as a taxable cost under § 1920 and Defendants have not provided any authority to show that it is recoverable. *See* 28 U.S.C. § 1980. The requested costs should therefore be reduced by another $301.00.

### 4. Costs Needing Breakdown

Plaintiffs further object to the costs for original transcripts, copies of transcripts, condensed transcripts, e-transcripts, ASCII disk fees, and expedited fees from the Biggio, Purdue, Lembcke, and Nicar depositions. These deposition costs are included in lump sum amounts totaling $1903.80, and Defendants do not break down the recoverable costs from unrecoverable costs. (doc. 134-5 at 2, 6, 9, 10.) Even though the costs of the original transcripts and copies were reasonable, Defendants offer no explanation why it was necessary to obtain a copy of a deposition at an expedited rate. *See Fogleman*, 920 F.2d at 286; *Auto Wax Co., Inc. v. Mark V Prods., Inc.*, 2002 WL 265091, at *5 (N.D. Tex. Feb. 22, 2002) (Lynn, J.) (requiring an explanation for why deposition transcripts were ordered on an expedited basis). Additionally, as noted, costs of electronic documents are not taxable under § 1920. The Court finds that fifteen percent of $1903.80, or $285.57, should be deducted for the electronic documents and the expedited fees.

## D. Summary

The deductions from Defendants' bill of costs are summarized as follows:

| Costs Requested | $21,651.78 |
|---|---|
| Pro Hac Vice | - $75.00 |

| Copies | - $974.75 |
|---|---|
| Electronic Documents | - $898.30 |
| Miscellaneous Charges | - $301.00 |
| Costs Needing breakdown | - $285.57 |
| **Costs Awarded** | $19, 117.16 |

### III. CONCLUSION

Defendants should recover $19, 117.16 in taxable court costs.

**SO RECOMMENDED on this 4th day of January, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE